# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30470

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2020

Lyle W. Cayce
Clerk

IVAN ALEXANDROVICH VETCHER,

> Petitioner - Appellant

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL; CHAD F. WOLF, ACTING SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; GEORGE H. LUND, Director of New Orleans Field Office; DAVID COLE, Warden, LaSalle Detention Center,

> Respondents - Appellees

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:15-CV-1653

---

Before KING, SOUTHWICK, and HO, Circuit Judges.

PER CURIAM:*

Ivan Vetcher was placed in immigration detention in July 2014. In the midst of his multiple administrative appeals and petitions for review, he filed a petition for *habeas corpus* seeking release from custody during the time that his removal proceedings were continuing. His relief denied, Vetcher appealed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

here. Much has happened since that initial appeal, but it is clear his claims are now moot. We DISMISS.

Vetcher left Belarus in 2001 and entered the United States as an 11-year-old refugee. In 2005, he became a lawful permanent resident. In April 2014, he pled guilty to delivery of more than four but less than four-hundred grams of hallucinogenic mushrooms, a violation of Section 481.113(d) of the Texas Health & Safety Code. He received a ten-year suspended sentence.

Three months after the Texas judgment of conviction was entered, the Government issued Vetcher a Notice to Appear before an immigration judge, stating Vetcher was removable as an alien "convicted of an aggravated felony," a term that includes "illicit trafficking in a controlled substance." 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii).[1] The Government detained him under the authority of a statute to "take into custody any alien who . . . is deportable" under the aggravated felon provision the Government applied to Vetcher. § 1226(c). The immigration judge ordered his removal. The Board of Immigration Appeals ("BIA") agreed and issued a final administrative order to remove Vetcher to Belarus on December 22, 2014. Seven months later, the BIA granted Vetcher's motion to reopen and the case was remanded for additional proceedings. His detention, though, continued.

Vetcher has appeared several times in this court following new BIA decisions. *See Vetcher v. Lynch*, No. 15-60047 (5th Cir. Sept. 9, 2015); *Vetcher v. Sessions*, No. 17-60215 (5th Cir. May 26, 2017). Vetcher's most recent petition for review sought cancellation of the BIA's final order of removal on May 11, 2018. On March 19, 2020, this court denied Vetcher's petition for

---

[1] The Government changed its theory of Vetcher's deportability in September 2015 and no longer charges him under Section 1227(a)(2)(A)(iii); the charge is now under Section 1227(a)(2)(B)(i).

No. 16-30470

review of the removal order. *See Vetcher v. Barr*, 953 F.3d 361 (5th Cir. 2020). The petition for rehearing was denied, and the mandate has issued.

The case before us commenced on May 7, 2015, when Vetcher filed an application under 28 U.S.C. Section 2241 in the United States District Court for the Western District of Louisiana. He sought a bond hearing and, more generally, release from detention while his removal proceedings were continuing. At the time he filed this suit, his detention was authorized by a statute that permits detention of those who do not have a final order of removal. *See* 8 U.S.C. § 1226(c). On September 2, 2015, an immigration judge denied bond. The district court dismissed the application on March 22, 2016, both on the basis of mootness as to ordering a bond hearing and for lack of jurisdiction to review his detention. Vetcher appealed.

Vetcher's detention under the authority of Section 1226(c) has been the focus of the arguments in this appeal. That authorization ended when he became subject to an administratively final removal order, namely the May 11, 2018 BIA decision. The authority for his detention then shifted to 8 U.S.C. Section 1231. *See Andrade v. Gonzalez*, 459 F.3d 538, 542–43 (5th Cir. 2006). On June 18, 2018, Vetcher sought a stay of removal in his separate appeal from the BIA's final order. That motion was denied on July 2, 2018. The record does not indicate when Vetcher was removed, but the Government informed us that the removal order was carried out.

On May 25, 2018, the Government filed a motion to dismiss this appeal as moot, as the petitioner's arguments were now inapplicable to his new status. Vetcher opposed, arguing that because he continued to contest the validity of the order of removal, he might again fall under the detention authority of Section 1226(c). We deferred ruling on the motion to dismiss. Now that Vetcher's removal order has been upheld by another panel of this court, we DISMISS the appeal as moot.